# UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

### The Honorable Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>**WPB HOSPITALITY, LLC**<br><br>*Debtor.* | Case No. 18-18636 EEB<br>Chapter 11 |
| **WPB HOSPITALITY, LLC**<br><br>*Plaintiff,*<br><br>v.<br><br>**AMERICAN LENDING CENTER, LLC; NORTHEAST BANCORP, INC. D/B/A NORTHEAST BANK; and AILERON INVESTMENT MANAGEMENT, LLC**<br><br>*Defendant.* | Adversary Pro. No. |

### DEBTORS COMPLAINT TO COMPEL TURNOVER OF FUNDS IN NORTHEAST BANK

COMES NOW, the Debtor, WPB, by and through their attorney, Arthur Lindquist-Kleissler, Esq. of the law firm Lindquist-Kleissler & Company, LLC and hereby files the within Complaint to Compel Turnover of Funds being held in Northeast Bank and as grounds therefore states as follows:

### JURISDICTION AND VENUE

1. Jurisdictional Basis: 28 U.S.C. §§ 1334(a), 157(a), and 157(b) (1).

2. This is a Core Matter: 28 U.S.C. § 157(b)(2)(A)(E) and (O).

3. Applicable Bankruptcy Code Sections and Court Rule: 11 U.S.C. §§ 102(1), 105(a) and; F.B.R. 4001, 7001(1), 9013, and 9014.

## **BACKGROUND**

4. WPB Hospitality, LLC filed the within Chapter 11 bankruptcy on October 3, 2018.

5. American Lending Center, LLC ("ALC") is a California limited liability company whose business address is 1 World Trade Center, Ste. 1180, Long Beach, CA 90831.

6. Northeast Bancorp, Inc. is a full service bank doing business as Northeast Bank ("Northeast Bank") in Lewiston, Maine.

7. Aileron Investment Management, LLC ("Aileron") is a Florida limited liability company with a principal office address of 3401 W. Cypress Street, Suite 101, Tampa, FL 33607.

8. The Debtors 341 Meeting of Creditors was scheduled and held on Wednesday, November 7, 2018 at 1:30 p.m.

9. As this Court knows, ALC foreclosed upon the Debtor's real property.

10. ALC bid a full credit bid.

11. Notwithstanding this, ALC filed an Amended Proof of Claim#6 for $75,789.88.

12. ALC asserted a security interest in the Debtor's proceeds being held at Northeast Bank.

13. The Northeast Bank account has an account number ending in 9391.

14. The legitimacy of ALC's claim and ALC's alleged security interest are the subject of the Debtor's Motion to Disallow the claim and the security interest. While awaiting this Court's ruling on the Motion to Disallow, undersigned counsel requested that ALC agree to release the excess funds in the Northeast Bank account above the amount necessary to pay ALC's disputed claim in full.

15. The total amount being held in the Northeast Bank account is approximately $202,220.70.

16. The total amount to pay ALC's disputed claim in full is $75,789.88.

17. Accordingly, there is approximately $126,430.82 that the Debtor has requested be turned over to be utilized to fund the Debtor's Chapter 11 Plan and reorganization including for the payment of the priority taxes owed to the City and County of Denver.

18. Despite requests to release the excess amount of $126,430.82, ALC has refused.

19. Amongst other arguments, ALC has asserted that if the Court denies the Debtor's Objections to ALC's Amended Proof of Claim#6, that ALC may make a further claim against the funds being held in Northeast Bank for possible or anticipated future litigation costs.

20. Once again, ALC seeks to hold the Debtor hostage.

21. The Debtor needs the excess funds to fund the Debtor's reorganization.

22. This Court issued an Order requiring the Debtor to file an Amended Chapter 11 Plan on or before August 31, 2020.

23. The Debtor did file an Amended Chapter 11 Plan on August 31, 2020.

24. This Court then issued an Order (Doc#417) giving all creditors and parties-in-interest an opportunity to request an evidentiary hearing on any of the remaining objections to confirmation of the Debtor's Amended Plan on or before September 15, 2020.

25. No objections or request for an evidentiary hearing on any of the remaining objections to confirmation of the Debtor's Amended Plan.

26. The Plan requires that the Debtor pay the priority tax claim of the City and County of Denver in the amount of $41,289.75 with funds from the Northeast Bank.

27. Due to ALC's refusal to release the excess funds, the Debtor will be unable to pay the priority tax claim of the City and County of Denver.

## **NORTHEAST BANK ACCOUNT**

28. As the Court knows in excess of $202,000.00 of the Debtor's loan proceeds were placed in a joint account at Northeast Bank.

29. The Debtor took the position that when ALC bid the full amount of its debt in the above referenced foreclosure proceeding, that its security claims in the Northeast Bank monies were extinguished.

30. Since ALC did not bid a deficiency in the foreclosure, the Debtor took the position that the Northeast Bank proceeds should be released and turned over to the Debtor for administration as part of the bankruptcy.

31. On October 8, 2019 undersigned counsel wrote to ALC's attorney and requested a release of the $200,000.00 based upon the completion of the Public Trustee's foreclosure and based upon ALC obtaining a Public Trustee's Deed to the property.

32. On October 8, 2019 counsel for ALC indicated that since the debt had been paid through the foreclosure, ALC's counsel was advising the bank to release the remaining funds to

3

the Debtor. See **Exhibit "A"** attached to the Status Report (Doc#238) filed on October 15, 2019.

33. On October 11, 2019, undersigned counsel received additional correspondence from ALC's counsel indicating that due to a lawsuit filed by Wanda S. Bertoia against ALC and others, that ALC would not release the $200,000.00 in the Northeast Bank account. See **Exhibit "B"** attached to the Status Report (Doc#238) filed on October 15, 2019.

34. Notwithstanding the fact that it did not bid a deficiency and notwithstanding the fact that ALC sold the property for approximately $2,000,000.00 more than WPB's debt, ALC filed an Amended Proof of Claim No. 6 on November 22, 2019.

35. ALC's Amended Proof of Claim No. 6 alleges a secured debt owed by the Debtor in the amount of $75,789.88.

36. The Debtor filed an Objection to the ALC Amended Proof of Claim No. 6 (Doc#279).

37. The Court took the matter under advisement and is still pending before this Court.

38. The Court also required the Parties to file Brief's regarding the issue of 11 U.S.C. §522. The Debtor filed their Brief (Doc#415) on August 31, 2020.

39. While the Court is determining the ALC Amended Proof of Claim No.6 and the Debtor's objection thereto, the Debtor would like the excess funds in the Northeast Bank account released for utilization of the Debtor's Amended Plan of Reorganization.

40. On September 2, 2020 undersigned counsel again wrote to the attorney for ALC requesting the release of the excess funds above the amount necessary to pay ALC's disputed claim in full.

41. On September 8, 2020 counsel for ALC responded refusing to release the excess funds in the Northeast Bank account.

## RETURN OF PROPERTY TO THE ESTATE
## 11 U.S.C. § 542

42. The Debtor incorporates by this reference the statements contained in Paragraphs 1 through 14 above as though more fully set forth herein.

43. 11 U.S.C. § 542 – Turnover of property to the estate – provides as follows:

   a. Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee,

4

and account for, such property is of inconsequential value or benefit to the estate.

44. The funds being held by American Lending Center, LLC in the Northeast Bank account is property of the estate pursuant to 11 U.S.C. § 541.

45. The Debtor hereby demands the turnover and surrender of all of the funds in the Northeast Bank account in excess of $75,789.88 which is the amount of ALC's disputed Amended Proof of Claim No. 6.

46. The funds in excess of $75,789.88 are necessary for the Debtor's reorganization.

47. At the current time, ALC has not made a demand or claim for monies in excess of $75,789.88.

## **TURNOVER OF PROPERTY BY A CUSTODIAN (U.S.C. § 543)**

48. The Debtor incorporates by this reference the statements contained in Paragraphs 1 through 18 above as though more fully set forth herein.

49. 11 U.S.C. § 543(b) – Turnover of property by a custodian – states as follows:

   a. A custodian shall-

      i. Deliver to the trustee any property of the Debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case;

50. American Lending Center, LLC is a custodian pursuant to 11 U.S.C. § 543.

51. Northeast Bank is a custodian of the funds held in the name of WPB Hospitality, LLC and Aileron Inv. Mgt. Control Account.

52. ALC has represented that it has acquired all of the Aileron's interest with respect to the Debtor's loans and collateral.

53. Notwithstanding this representation in an abundance of caution, the Debtor has listed both Northeast Bank and Aileron in the within Complaint for Turnover.

54. The Debtor requests that American Lending Center, LLC and Northeast Bank and Aileron be Ordered to turnover to funds in the Northeast Bank account in the approximate amount of $200,000.00.

55. The refusal to turnover the identified property of the estate has caused damage to the estate in an amount to be determined at the time of trial.

56. American Lending Center, LLC has refused to turnover the property of the estate despite demand therefore has caused the Debtor to incur attorneys fees and costs. American Lending Center, LLC should be liable for said attorneys fees and costs.

## **THE DUTY TO TURNOVER**

57. In accordance with the Bankruptcy Appellate Panel's decision *In re Yates*, 332 B.R. 1 (B.A.P. 10th Cir. 2005), the refusal to turn over property of a bankruptcy estate is a violation of the automatic stay, warranting the imposition of sanctions.

58. The mere knowledge of the Debtor's bankruptcy filing imposed a turnover obligation upon American Lending Center, LLC under 11 U.S.C. § 542(a). In this case, American Lending Center, LLC has ignored the Debtor's turnover demands.

59. By American Lending Center, LLC continuing to exercise control over property of the Debtor's bankruptcy estate, he has violated the automatic stay, 11 U.S.C. § 362(a). Moreover, sanctions are warranted under 11 U.S.C. §362(k)(1) due to American Lending Center, LLC extreme delay in even acknowledging his turnover duty.

## **SANCTIONS ARE APPROPRIATE**

60. Section 362(h) states:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

> In Diviney v. NationsBank of Texas, N.A. (In re Diviney), another panel of this Court held that for purposes of § 362(h):

> "A 'willful violation' does not require specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded."

WHEREFORE, the Debtor respectfully prays this Honorable Court enter Orders requiring American Lending Center, LLC and Northeast Bank and Aileron to turnover all of the funds in the Northeast Bank account except for $75,789.88 which is being held pending the adjudication of the ALC's Amended Proof of Claim No. 6.  The Debtor additionally prays that ALC be assessed damages based upon its refusal to voluntarily turnover possession of the excess funds despite request for same; and enter an Order awarding the Debtor attorney fees and costs and for such other and further relief as this Court deems just and proper.

Dated: September 16, 2020    Respectfully submitted:

LINDQUIST-KLEISSLER & COMPANY, LLC

By: /s/ Arthur Lindquist-Kleissler
Arthur Lindquist-Kleissler #9822
950 S. Cherry Street #418
Denver CO 80246
(303) 691-9774
(303) 200-8994 Facsimile
email: arthuralklaw@gmail.com

G:\Firm\CLIENTS T-Z\WPB HOSPITALITY\MOTION FOR TURNOVER\200916 Complaint for Turnover Northeast Bank